Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| RJ Painting and Contractors, LLC<br><br>**Peticionario**<br><br>V.<br><br>Villas De Humacao Limited Dividend Partnership y Otros<br><br>**Recurrida** | TA2026CE00036 | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Bayamón<br><br>Civil Núm. GB2023CV00372<br><br>Sobre: Cobro De Dinero - Ordinario |

Panel integrado por su presidente, el Juez Hernández Sánchez, el Juez Rivera Torres y el Juez Marrero Guerrero.

Hernández Sánchez, Juez Ponente

### RESOLUCIÓN[1]

En San Juan, Puerto Rico, a 12 de enero de 2026.

El 12 de enero de 2026, RJ Painting and Contractors, LLC (RJ o el peticionario) compareció ante nos mediante *Certiorari* y solicitó la revisión de una Resolución que se emitió y notificó el 28 de octubre de 2025 por el Tribunal de Primera Instancia, Sala Superior de Bayamón (TPI). Mediante el aludido dictamen, el TPI declaró No Ha Lugar la *Urgente Moción Solicitando Reconsideración de Doc. 88 Orden, Solicitando Enmienda/Corrección de la Oposición a Moción Solicitando Sentencia Sumaria, Solicitando Sanción Menos Drástica Monetaria y Solicitando que el Caso se Vea en sus Méritos en la Vista Argumentativa de 15 de diciembre de 2025* que presentó el peticionario. Además, acompañó el recurso con una *Moción de Auxilio de Jurisdicción*

Por los fundamentos que expondremos a continuación, declaramos **No Ha Lugar** la *Moción en Auxilio de Jurisdicción* y ***denegamos*** el recurso de epígrafe.

---

[1] Solo para los efectos de cambiar la fecha de comparecencia de la parte peticionaria ante este Tribunal de Apelaciones.

I.

El 2 de mayo de 2023, el peticionario presentó una *Demanda* en cobro de dinero por servicios prestados en contra de Villas de Humacao Limited Dividend Partnership; Villa Blanca Dividend Limited Partnership y Aseguradora XYZ (Villas de Humacao o los recurridos).[2] En síntesis sostuvo que allá para el, 22 de septiembre de 2021 suscribió dos *contratos de servicios* con los recurridos. Señaló que mediante cartas fechadas para el, 8 de julio de 2022, y el 29 de julio de 2022, se le notificó la terminación sustancial de los contratos, por lo cual le reclamó a los recurridos el pago por los servicios prestados hasta la terminación del contrato. Por tal razón, y ante la negativa de Villas de Humacao de aceptar la deuda y pagar lo alegadamente adeudado, el peticionario presentó el recurso en cobro de dinero.

Luego de varios incidentes procesales, los cuales no son necesarios detallar, el **30 de julio de 2025**, los recurridos presentaron ante el TPI una *Solicitud de Sentencia Sumaria*.[3] Según consta en el expediente del TPI ante la mencionada solicitud, RJ presentó un total de siete (7) extensiones de término para someter su oposición. En la última de ellas, el peticionario solicitó hasta el 21 de octubre de 2025 para someter su oposición.[4] El 20 de octubre de 2025, transcurridos más de noventa (90) días desde que se presentó la solicitud de *Sentencia Sumaria*, el TPI le concedió al peticionario cuatro (4) días adicionales al término solicitado, hasta el 25 de octubre de 2025, para que este presentara su oposición.[5] A tales peticiones, los recurridos no presentaron oposición alguna. Sin embargo, solicitaron que la extensión otorgada hasta el 25 de octubre de 2025, fuese un plazo

---

[2] *Véase*, Entrada Núm. 1, SUMAC TPI.
[3] *Véase*, Entrada Núm. 66, SUMAC TPI.
[4] *Véase*, Entrada Núm. 83, SUMAC TPI.
[5] *Véase*, Entrada Núm. 84, SUMAC TPI.

perentorio, so pena de que la moción dispositiva se diera por sometida sin oposición.[6] Lo cual el, 24 de octubre de 2025, el TPI concedió y dispuso que "la última prorroga solicitada no admitiría extensiones pasado el 25 de octubre de 2025."[7]

El lunes, 27 de octubre de 2025, el peticionario presentó una *Oposición a Solicitud de Sentencia Sumaria.*[8] Sin embargo, tal escrito en oposición no tenía relación con el caso y estaba fechado del 9 de diciembre de 2024 y relacionado a otro caso. Para la oposición presentada, el TPI emitió una orden el, 28 de octubre de 2025, en la que determinó No Se Admite la *Oposición a Moción de Sentencia Sumaria.*[9] En respuesta, RJ presentó una *Urgente Moción Solicitando Reconsideración de Doc. 88...,* en la cual alegó que entendió que el término para presentar su Oposición se había extendido hasta el lunes 27 de octubre de 2025 y que en dicha fecha, presentó "un escrito incorrecto de otro caso" como oposición.[10] Justificó su incumplimiento, alegando que tuvo una vista contenciosa el 28 de octubre ante el Tribunal Federal y que su asistente estaba de vacaciones y, por ello, "se encontraba con la dificultad de descargar detenidamente la correspondencia pendiente, incluyendo la correspondencia del correo electrónico cual incluye las notificaciones de los tribunales." En consecuencia, solicitó que se le permitiese "la enmienda/corrección de la Oposición a Solicitud de Sentencia Sumaria con el escrito correcto del caso." Los recurridos, se opusieron a la solicitud presentada por el peticionario y en síntesis alegaron que con la solicitud RJ pretendía presentar por primera vez su escrito de oposición a la sentencia sumaria, luego de transcurridos veinte (20) días del

---

[6] *Véase,* Entrada Núm. 85, SUMAC TPI.
[7] *Véase,* Entrada Núm. 86, SUMAC TPI.
[8] *Véase,* Entrada Núm. 87, SUMAC TPI.
[9] *Véase,* Entrada Núm. 88, SUMAC TPI.
[10] *Véase,* Entrada Núm. 89, SUMAC TPI.

término perentorio impuesto por el TPI.[11] El TPI no admitió la solicitud, lo cual se notificó 13 de noviembre de 2025.[12] En respuesta, el peticionario solicitó *Reconsideración,* la cual se denegó el 9 de diciembre de 2025 y notificó el 10 de diciembre de 2025.

Inconforme con este dictamen, el 12 de enero de 2026, RJ presentó el recurso de epígrafe y formuló el siguiente señalamiento de error:

> **Erró el TPI al declarar sin lugar la moción solicitando reconsideración, solicitud de enmendar/corregir la oposición a moción solicitando sentencia sumaria, solicitud de imponer sanción menos drástica monetaria y solicitud de que el caso se vea en sus méritos en la vista argumentativa de 15 de diciembre de 2025.**

De igual forma, la parte peticionaria presentó una *Moción en Auxilio de Jurisdicción* junto al recurso de epígrafe.

Examinado el recurso que nos ocupa, y con el propósito de lograr el "más justo y eficiente despacho" del asunto ante nuestra consideración, prescindimos de términos, escritos o procedimientos ulteriores. Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 15, 215 DPR __ (2025).

## II.

El *Certiorari* es el vehículo procesal extraordinario utilizado para que un tribunal de mayor jerarquía pueda corregir un error de derecho cometido por un tribunal inferior. *Torres González v. Zaragoza Meléndez,* 211 DPR 821, 846-847 (2023). Los tribunales apelativos tenemos la facultad para expedir un *Certiorari* de manera discrecional. Íd., pág. 847. Esta discreción se define como "el poder para decidir en una u otra forma, esto es, para escoger entre uno o varios cursos de acción". *García v. Padró,* 165 DPR

---

[11] *Véase,* Entrada Núm. 90, SUMAC TPI.
[12] *Véase,* Entrada Núm. 91, SUMAC TPI.

324, 334 (2005). Asimismo, discreción es una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justa. Íd., pág. 335. Ahora bien, la aludida discreción que tiene este foro apelativo para atender un *Certiorari* no es absoluta. Íd. Esto ya que no tenemos autoridad para actuar de una forma u otra, con abstracción total al resto del derecho, pues ello constituiría abuso de discreción. Íd. Así, "el adecuado ejercicio de la discreción judicial esta inexorable e indefectiblemente atado al concepto de la razonabilidad". Íd.

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, establece que el recurso de *Certiorari* para resolver resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, será expedido por el Tribunal de Apelaciones cuando se recurre de: (1) una resolución u orden bajo la Regla 56 (Remedios Provisionales) y la Regla 57 (*Injunction*) de las Reglas de Procedimiento Civil; (2) la denegatoria de una moción de carácter dispositivo y; (3) por excepción de: (a) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (b) asuntos relativos a privilegios probatorios; (c) anotaciones de rebeldía; (d) casos de relaciones de familia; (e) casos que revistan interés público; y (f) cualquier otra situación en la que esperar a la apelación constituiría un fracaso irremediable de la justicia.

Por su parte, la Regla 40 del Tribunal de Apelaciones, *supra*, enmarca los criterios que debe evaluar este tribunal al expedir un auto de *Certiorari.* La aludida regla establece lo siguiente:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.

(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ninguno de estos criterios es determinante por sí solo para el ejercicio de jurisdicción y tampoco constituyen una lista exhaustiva. *García v. Padró*, supra, pág. 335. La norma vigente es que los tribunales apelativos podremos intervenir con las determinaciones discrecionales del Tribunal de Primera Instancia cuando este haya incurrido en arbitrariedad, craso abuso de discreción o en un error en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo. *Pueblo v. Rivera Santiago*, 176 DPR 559, 581 (2009).

III.

Luego de evaluar el recurso de epígrafe, a la luz de la totalidad del expediente, y a los criterios que emanan de la Regla 40 de nuestro Reglamento, *supra*, no surge que el foro primario actuara con parcialidad, que incurriera en abuso de discreción o que emitiera un dictamen contrario a derecho. Consecuentemente, determinamos denegar el recurso de epígrafe.

IV.

Por los fundamentos previamente expuestos, **denegamos** el recurso de *Certiorari* y declaramos **No Ha Lugar** la *Moción en Auxilio de Jurisdicción.*

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones